IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MARK ESLINGER and DOROTHY ESLINGER, | ] ] ] |
| Plaintiffs, | ] ] |
| v. | ] CV-15-BE-808-M ] |
| COLONIAL CLAIMS CORP., and WRIGHT NATIONAL FLOOD INSURANCE COMPANY | ] ] ] ] |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on "Defendant Wright National Flood Insurance Company's Motion to Quash Plaintiff's Jury Demand" (doc. 30), and this court's "Order To Show Cause" that Plaintiff Mark Eslinger show cause in writing on or before April 1, 2016 why the court should not grant the motion to quash Plaintiff's jury demand (doc. 34). The Plaintiff did not respond to the court's order by the deadline, and, indeed, has still not responded. For the reasons stated below, the court FINDS that the motion to quash is due to be GRANTED.

The Federal Emergency Management Agency ("FEMA") operates the National Flood Insurance Program ("NFIP") and, in doing so, uses private insurance companies, known as "WYO carriers" to issue flood insurance policies. However, the federal government funds the NFIP, covering the "cost incurred in the adjustment and payment of any claims for losses," 42 U.S.C. section 4017(d)(1), so a lawsuit against a WYO carrier constitutes "the functional equivalent of a suit against FEMA." *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 166-

67 (3d Cir. 1998). Accordingly, a judgment against a WYO carrier, such as Defendant Wright National Flood Insurance Company in the instant case, constitutes "'a direct charge on the public treasury.'" *See Gowland v.Aetna,* 143 F.3d 951, 955 (5th Cir. 1998) (quoting *In re Estate of Lee,* 812 F.2d 253, 256 (5th Cir. 1987) in a suit to recover benefits under a Standard Flood Insurance Policy issued under the National Flood Insurance Act).

In cases like the instant one involving U.S. Treasury funds, no right to jury trial exists unless Congress "clearly and unequivocally" expressed that right by statute. *See Lehman v. Nakshian,* 453 U.S. 156, 160-62 (1981) (stating that "[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government, and that a plaintiff is only entitled to a trial by jury with respect to cases involving U.S. Treasury funds when Congress has "clearly and unequivocally departed from its usual practice" of conditioning waiver of sovereign immunity upon the relinquishment of any claim to a jury trial and has granted a right to trial by jury in the applicable statute). This court FINDS, as other district courts have previously found, that Congress did not clearly and unequivocally grant the right to trial by jury in the National Flood Insurance Act, 42 U.S.C. 4001, *et seq. See, e.g., Kolner v. Dir. FEMA,* 547 F. Supp. 828, 830 (N.D. Ill, 1982) (finding that the plaintiffs were not entitled to a jury trial in an action for damages on a flood insurance contract issued under the National Flood Insurance Act of 1968); *Latz v. Gallagher,* 550 F. Supp. 257, 257-58 (W.D. Mich. 1982) (striking the jury demand in an action brought pursuant to the National Flood Insurance Act of 1968); *Ryan v. Selective Ins. Co. of Am.,* Case No. 13-6823, 2014 WL 2872089, at *4 (D.N.J. June 23, 2014) (striking the jury demand because "Congress did not explicitly grant the right to trial by jury in the National Flood Insurance Act"). Accordingly, the court FINDS

that Plaintiff has no right to a jury trial; the court GRANTS the motion to quash the Plaintiff's jury demand and STRIKES that jury demand.

DONE and ORDERED this 21st day of April, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE